# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY W. HUNTER, | 1:07-CV-00674 AWI NEW (DLB) HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| ANTHONY HEDGPETH, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On May 4, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court. The petition raises four grounds for relief: 1) Petitioner alleges the California Department of Corrections ("CDC") did not follow policy when adjusting his placement score thereby causing him to be housed in a more secure and volatile environment than warranted; 2) Petitioner claims he was issued a SHU-term for "possession with the intent . . ." which is an act that is not listed on the SHU-term assessment chart and which resulted in a lengthening of his sentence, loss of job status, loss of earned placement score points, and an increase in his custody status; 3) Petitioner alleges his overnight family visits have been wrongly taken for life in violation of his constitutional rights; and

1  4) Petitioner contends the CDC is arbitrarily using a rule/regulation which has been repealed thus
2  leaving Petitioner to become a victim of an ex post facto law that aggravated his offense and made it
3  greater than when it was committed.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

   Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

   If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State Cognizable Federal Habeas Claim

   Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

   In this case, Petitioner raises four claims for relief; however, only two arguably present cognizable federal habeas claims. In Ground One, Petitioner argues the CDC did not follow its own

1  policy when adjusting his placement score. As a result, Petitioner claims he was moved to a more
2  secure and volatile environment than warranted. As to this, Petitioner is challenging the conditions
3  of his confinement, not the fact or duration of that confinement.  Thus, he is not entitled to habeas
4  corpus relief on this ground and it must be dismissed.

5  In Ground Three, Petitioner claims his overnight family visits have been wrongly taken for
6  life. Again, this is a condition of Petitioner's confinement and does not affect the fact or duration of
7  his confinement. Therefore, this claim must also be dismissed. Should Petitioner wish to pursue
8  these claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Grounds One and Three be DISMISSED from the petition for writ of habeas corpus.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 20, 2007**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE