IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY W. HUNTER, | 1:07-CV-00674 AWI GSA HC |
|     Petitioner, | ORDER DISREGARDING MOTION FOR EXTENSION OF TIME TO FILE |
| vs. | TRAVERSE AS MOOT<br>[Doc. #16] |
| ANTHONY HEDGPETH, | ORDER DENYING MOTION FOR |
|     Respondent. | APPOINTMENT OF COUNSEL<br>[Doc. #17] |

    Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. Section 2254.

    On March 3, 2008, petitioner filed a motion for extension of time to file a Traverse. Inasmuch as Petitioner filed a traverse on March 5, 2008, IT IS HEREBY ORDERED THAT petitioner's motion for extension of time is DISREGARDED AS MOOT.

    Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See

Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, Petitioner's request for appointment of counsel is DENIED without prejudice.

Petitioner has also requested an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. (Emphasis added.) In this case, the Court has not yet reviewed the petition. Following a thorough review of the petition's merits, the Court will *sua sponte* issue an order for an evidentiary hearing should it find one necessary. Accordingly, Petitioner's motion for an evidentiary hearing is DENIED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for extension of time is DISREGARDED;

2) Petitioner's motion for appointment of counsel is DENIED; and

3) Petitioner's motion for evidentiary hearing is DENIED.


IT IS SO ORDERED.

Dated:   **March 26, 2008**              **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE