# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY W. HUNTER, ) | 1:07-CV-00674 AWI GSA HC |
| ) | |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | REGARDING PETITION FOR WRIT OF |
| ) | HABEAS CORPUS |
| ) | |
| ANTHONY HEDGPETH, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by plea of guilty on September 24, 1997, of assault with a firearm with enhancements for use of a firearm and prior prison terms. See Respondent's Answer (hereinafter "Answer"), Exhibit 1. On January 8, 1998, Petitioner was sentenced to serve a total determinate term of twenty years in state prison. Id.

With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on June 4, 2004, in which he was found guilty of possession of a controlled substance with intent to distribute. See Answer, Exhibit 2.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 1, 2004, at approximately 7:30 p.m., while conducting a search of Petitioner's cell and person, correctional officers discovered 27 bindles of marijuana. See Answer, Exhibit 2 at 1-2. Eleven bindles were discovered in Petitioner's left front pants pocket, and the other sixteen had fallen to the floor from Petitioner's pants leg. Id.

On April 23, 2004, Petitioner was issued a Rules Violation Report ("RVR") for the specific charged act of possession of a controlled substance with intent to distribute. Id. at 1. On May 4, 2004, Petitioner was given a copy of the report. Id. at 2. Petitioner was assigned an Investigative Employee on May 28, 2004. Id. at 10.

On June 2, 2004, the hearing on the RVR commenced before Senior Hearing Officer B. E. Daubenspeck. Id. However, the hearing was postponed because the RVR was reclassified from a Division B to a Division A-2 offense. Id. The title of the offense remained the same, but the classification of the offense was corrected. Id. at 8. Correctional Officer R. Durazo served Petitioner with a copy of the reclassified RVR on that date at approximately 7:00 p.m. Id. The hearing was continued to June 4, 2004.

On June 4, 2004, the hearing on the RVR was held. Id. at 3. Petitioner plead not guilty. Id. He admitted the charge that he possessed 27 bindles of marijuana; however, he contested the charge that he possessed these bindles with the intent to distribute. Id. at 3-6. He claimed the amount did not denote an intent to distribute and there was no evidence he possessed the marijuana with any other intent other than to use. Id. He also requested two witnesses, but they were denied as they had not witnessed the event. Id. at 6. Petitioner was found guilty as charged. Id. at 7. Based on the evidence, the hearing officer first found that Petitioner possessed 27 bindles of marijuana as charged. Id. at 7. He further found not credible Petitioner's argument that he did not possess the marijuana with the intent to distribute. Id. at 8. He determined that Petitioner's possession of 27 separate bindles of marijuana within his pants pocket showed he did not possess the marijuana as a "one time use." Id. Rather, the hearing officer determined Petitioner was "on his way to sell his bindles of marijuana." Id. As a result, Petitioner was assessed 180 days forfeiture of behavioral credits and one year loss of visitation, among other conditions. Id. at 8-9. He was given a copy of the "CDC-115-C" report on

1  July 7, 2004. Id.

2      Petitioner then pursued administrative appeals with the Department of Corrections. On
3  May 23, 2005, the final appeal was denied at the Director's Level. See Petition, Exhibit N.

4      On June 30, 2005,[1] Petitioner filed a petition for writ of habeas corpus in the Imperial
5  County. See Answer, Exhibit 3. On November 30, 2005, the superior court determined there was
6  sufficient evidence to justify the action and findings pursuant to Superintendent v. Hill, 472 U.S. 445
7  (1985) and denied the petition. See Answer, Exhibit 4. Petitioner then filed a petition for writ of
8  habeas corpus in the California Court of Appeals, Fourth Appellate District, on August 3, 2005,[2]
9  raising the same claims. See Answer, Exhibit 5. The petition was denied in a reasoned opinion on
10 September 19, 2005. See Answer, Exhibit 6. The appellate court rejected all of Petitioner's claims
11 and determined there was some evidence supporting the guilty finding. Id. On May 16, 2006,
12 Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.[3] See Answer,
13 Exhibits 7-8. The petition was summarily denied on June 14, 2006. See Answer, Exhibit 8.

14     On May 14, 2006, Petitioner commenced a second round of collateral review by filing a
15 second petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate
16 District, challenging the RVR.[4] See Answer, Exhibit 9. The petition was rejected on July 17, 2006, in
17 a reasoned decision. See Answer, Exhibit 10. The appellate court found the claims to be meritless
18 and that the issues could and should have been raised in the prior petition. Id. On February 14, 2007,

---

[1] Although the petition was filed in the Imperial County Superior Court on July 18, 2005, the petition bears a date of service of June 30, 2005. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on June 30, 2005, the date Petitioner presumably handed his petition to prison authorities for mailing.

[2] No proof of service was provided; therefore, the mailbox rule cannot be applied.

[3] Again, no proof of service was provided from which the mailbox rule can be applied.

[4] The petition contains a proof of service dated May 14, 2006. Therefore, the Court will deem the petition filed on that date pursuant to the mailbox rule.

1  Petitioner filed a second habeas petition in the California Supreme Court.[5] See Answer, Exhibit 11.
2  The petition was rejected on March 21, 2007, on procedural grounds. See Answer, Exhibit 12.

On May 4, 2007, Petitioner filed the instant federal habeas petition in this Court. On October 16, 2007, Grounds One and Three were dismissed. Respondent filed an answer to the remaining claims in the petition on February 4, 2008. Respondent claims the petition is untimely and without merit. On March 5, 2008, Petitioner filed a traverse to Respondent's answer.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

II.  Statute of Limitations

Respondent alleges that the petition violates the statute of limitations and must be dismissed. Petitioner contends that his petition is timely filed.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on May 4, 2007, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended,

---

[5] Pursuant to the mailbox rule, the Court deems the petition filed on February 14, 2007, the date Petitioner signed the petition.

§ 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Therefore, the limitations period commenced on May 24, 2005, the day after Petitioner was informed that his administrative appeal had been denied. Under Section 2244(d)(1)(D), Petitioner had one year until May 23, 2006, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until May 4, 2007, which was almost a year after the limitations period had expired.

A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In


Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

      As stated above, the statute of limitations began to run on May 24, 2005.  Petitioner filed his first state habeas petition on June 30, 2005. At that point, 37 days of the limitations period had expired. The petition was denied on November 30, 2005. During this same time period, Petitioner also filed a habeas petition in the appellate court on August 3, 2005. That petition was denied on September 19, 2005. Pursuant to 28 U.S.C. § 2244(d)(2), the limitations period was tolled from June 30, 2005, until November 30, 2005. Petitioner next filed a habeas petition in the California Supreme Court on May 16, 2006. Respondent contends this petition was untimely, and it was. Pursuant to the Supreme Court's rulings in Saffold and Chavis, Petitioner is entitled to tolling for the interval between the petitions if he did not unreasonably delay. Saffold, 536 U.S. at 225; Chavis, 126 S.Ct. at 852. In this case, Petitioner delayed for 167 days from the denial of the superior court habeas petition until he filed his habeas petition in the California Supreme Court. The California Supreme Court did not specify a reason for the denial, and in the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Chavis, 126 S.Ct. at 852. In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id., *quoting* Saffold, 536 U.S. at 219.  In addition, the Supreme Court

provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 126 S.Ct. at 853, *citing* Saffold, 536 U.S. at 222-223.

Here, Petitioner's delay of 167 days is clearly unreasonable. The delay is far longer than the short period of time of 30 to 60 days provided by most States for filing an appeal. Therefore, the habeas petition filed in the California Supreme Court was untimely and Petitioner is not entitled to interval tolling. He is also not entitled to tolling for the time the petition was pending. The limitations period thus recommenced on November 31, 2005, with 328 days remaining.

Petitioner commenced a new round of collateral review by filing a habeas petition in the appellate court on May 14, 2006. At that point, 164 more days ran on the limitations period, leaving Petitioner with 164 days. The petition was denied on July 17, 2006. Under § 2244(d)(2), Petitioner is entitled to tolling while that petition was pending. Petitioner then delayed for 211 days until he filed a habeas petition in the California Supreme Court on February 14, 2007. That delay is also clearly unreasonable for the reasons stated above. Therefore, the limitations period recommenced on July 18, 2006, and expired 164 days later on December 29, 2006. The federal petition filed on May 4, 2007, was thus untimely by five months. Accordingly, Respondent is correct and the petition should be dismissed for violating the statute of limitations.

B.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner makes no such showing, and the Court can find no reason to equitably toll

the limitations period. Therefore, the petition remains untimely.

III.  Review of Petition

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

Petitioner contends he was unjustly issued a serious rules violation report. Notwithstanding the fact that the petition should be dismissed based on Petitioner's violation of the statute of

limitations, the petition is also without merit as it is clear all due process requirements were met.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

Petitioner alleges he was denied the minimum due process right of twenty-four hours advance written notice of the disciplinary charges. Petitioner admits he was given a copy of the RVR on May 4, 2004. He was also assigned an Investigative Employee. The hearing commenced on June 2, 2004, but was postponed due to misclassification of the offense. The charges were not altered, only the classification. In any event, the RVR shows Petitioner signed and received the reclassified RVR on June 2, 2004, and the hearing was postponed until June 4, 2004. Petitioner was thus given more than twenty-four hours advance written notice.

Petitioner also claims his request to call two witnesses was denied. This is true, but the witnesses were not called because they did not actually witness the event and could offer no relevant information. Thus, the hearing officer properly denied his request to call these witnesses.

Petitioner was also provided a copy of the written report by the hearing officer setting forth the evidence relied upon and the reasons for the disciplinary action. Petitioner does not dispute this.

In his petition, Petitioner claims he was placed in a secured housing unit in violation of his constitutional rights. As shown above, he was provided with all procedural due process protections. He was informed why he was placed in a secured housing unit, and he contested the action. The Constitution does not require more than what was provided Petitioner. Wilkinson v. Austin, 545 U.S. 209 (2005).

Petitioner also claims he has been subjected to a rule/regulation which was repealed on February 3, 1999. He contends the charge he was found guilty of - possession with intent to distribute - was repealed by the Department of Corrections and not re-enacted. He claims a violation of the Ex Post Facto clause. His claim is without merit. A law violates the ex post facto clause under three circumstances: (1) when it punishes a act which was not a crime when it was committed; (2) when it makes a crime's punishment greater than when the crime was committed; or (3) when it deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 42 (1990). In this case, California regulations prohibit inmates from possessing controlled substances for possession or distribution. Cal. Code Regs. tit. 15 §§ 3000, 3016. These regulations were in effect at the time Petitioner committed the offense. Thus, no ex post facto violation occurred.

Petitioner also attempts to claim the regulations violate his due process rights because he did not have adequate notice that his conduct was impermissible. However, the regulations are clear that possession and distribution of narcotics are prohibited. Petitioner contends the evidence does not show he possessed marijuana for distribution. Under Supreme Court precedent, the disciplinary decision must be supported by "some evidence." Hill, 472 U.S. at 454. In this case, the record contains at least some evidence to support the finding. Petitioner was found in possession of 27 individually wrapped bindles of marijuana. These bindles were found in his pants pocket and falling out of the pocket. There is sufficient evidence supporting the finding that he was transporting the bindles to distribute them rather than use them himself. Petitioner has failed to demonstrate that the state court decision was contrary to or an unreasonable application of Supreme Court precedent.

In sum, all due process requirements were satisfied and the guilty finding was supported by "some evidence." Accordingly, Petitioner's claims are without merit and the petition should be

1 denied.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED on the merits and for violating the statute of limitations. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 30, 2008**            /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE